UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 15-cr-260 (PAM/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Walter Ronaldo Martinez Escobar (2), Jason Allen Jackson (7), Catarino Cruz, Jr. (13), and Jesse Garcia (1), | |
| Defendants. | |

_____

This matter is before the Court on the parties' pretrial motions.[1] Trial in this matter is set for Monday, July 11. The Court held a hearing on Thursday, July 7, 2016, but no party elected to proffer evidence in support of any Motion.

**A.    Government's Motions**

The Government has brought five Motions in Limine[2] and an additional Motion regarding Defendants' prior convictions.

**1.    Hearsay statements**

Both the Government and Defendant Cruz ask the Court to rule that hearsay statements are inadmissible. The Court presumes all parties will abide by the Federal Rules of Evidence and these Motions are denied without prejudice.

---

[1] Only Defendants Martinez Escobar, Jackson, and Cruz filed pretrial motions.

[2] The Government and Defendants Jackson and Cruz seek the sequestration of witnesses. Those requests are addressed below.

## 2.     Prior bad act evidence

The Government asks the Court to limit defense cross-examination regarding prior bad acts or convictions to only matters permitted by Rules 608 and 609. The Government also requests that the Court to rule on the propriety of such evidence before it is proffered to the jury.

The Court expects the parties to make proffers regarding any such evidence outside the presence of the jury. The Court will thus reserve ruling on the Government's Motion until the issue is brought forward in trial.

## 3.     Potential penalty

The Government next asks that the Court preclude Defendants from referring to the potential penalty involved. Reference to penalty by any party is inappropriate. The Motion is granted.

## 4.     Jurisdiction and other issues

The Government's fifth Motion in Limine asks the Court to preclude Defendants from arguing certain legal theories to the jury or otherwise challenging the Court's jurisdiction in front of the jury. The Court will address this at trial should it become necessary to do so.

## 5.     Rule 404(b) evidence

Finally, the Government moves to admit 404(b) evidence against Garcia, Jackson, and Cruz. In particular, the Government seeks the admission of:

(1) Jesse Garcia's 2006 Ramsey County conviction for possession of a controlled substance;

(2) Jackson's 2008 federal conviction for conspiracy to distribute and possession with intent to distribute methamphetamine, and his 2009 Ramsey County conviction for second-degree possession of methamphetamine; and

(3) Cruz's 2012 federal conviction for using a communication facility to facilitate a drug offense.

Rule 404(b) provides that evidence of prior crimes or other bad acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Such evidence is generally admissible unless it is offered only to prove a defendant's character. Evidence of other acts is especially probative when intent is an issue, if those other acts are material to the defendant's intent.

The prior convictions listed above are relevant and probative in this matter to establish motive, intent, and knowledge, among other matters. All of these convictions are therefore admissible.

**B.      Defendants' Motions in Limine**

Defendants Escobar and Jackson brought separate Motions to Suppress, addressed below, and all Defendants raise some individual issues in their respective Motions in Limine. But Defendants also seek similar relief in some of their Motions, and the Court will address those portions of the Motions in Limine together.

     **1.      Motion to Exclude Expert Witnesses**

Defendants each seek to limit or preclude Government witnesses from testifying as experts on topics such as the workings of drug-trafficking conspiracies and what certain words mean in the context of such conspiracies. But Defendants have not

3

specified any topic on which a particular witness lacks the requisite "knowledge, skill, experience, training, or education," Fed. R. Evid. 702, that would warrant that witness's exclusion.

Testimony regarding matters not generally the subject of public knowledge, such as how large-scale drug-trafficking operations work or how individuals in such organizations typically communicate with each other, is well within the scope of Rule 702. Defendants are free to make objections to specific testimony at trial if that testimony is not relevant or probative of the issues in the case, but the Court will not exclude any of the Government's expert witness testimony on the basis that the testimony violates the principles of Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

**2.     Sequestration**

Defendants Jackson and Cruz, as well as the Government, ask the Court to sequester witnesses. This request is granted with the exception that the case agents may remain in the courtroom.

**3.     Nicknames and Other Information**

Defendant Cruz asks the Court to preclude the Government from referring to him by his alleged nickname. The Government does not object to this request, but asks that it be allowed to address the issue with the Court if Cruz testifies and the nickname becomes relevant. Thus, Cruz's Motion is granted without prejudice to the Government raising the issue if necessary.

Defendant Jackson seeks to prohibit the Government from mentioning his nickname, tattoos, and custody status. The Government disavows any intent to introduce

4

any evidence regarding Jackson's tattoos. His nickname, however, is mentioned in several recorded calls that the jury is likely to hear, and thus the Government must be allowed to adduce testimony regarding Jackson's nickname. And while the Government may not introduce evidence that Jackson is incarcerated merely to show that his character is bad, the fact that Jackson is incarcerated may be relevant to explain some evidence in the case, such as a telephone call Jackson made from jail after his arrest. Jackson may object if he believes the Government is improperly introducing such evidence, but the Court will not issue a blanket exclusion on this evidence.

### 4. Family Relationship

Defendant Cruz asks the Court to prohibit the Government from referencing any familial relationship between Cruz and fugitive co-Defendant Guadalupe Garibay Sanchez. The Government contends that this information may be relevant to explain some unusual conversations between the co-Defendants in the case.

If the familial relationship between Cruz and Sanchez is relevant to issues brought forward in the case, it is likely admissible. Cruz may offer specific objections at trial if he believes the evidence is not relevant or is more prejudicial than probative. His Motion on this point is denied without prejudice.

### 5. Martinez Escobar's Cross-Examination

Martinez Escobar seeks to preclude the Government from questioning him regarding his pending cocaine charge in North Carolina. Should he testify in the case, he will offer as an explanation for his abrupt departure from the alleged stash house that his

presence was required in North Carolina, but he asks that the jury not be informed about the underlying criminal charge which necessitated his appearance in North Carolina.

But as the Government points out, depending on the substance of Martinez Escobar's testimony, the reason he was required to be in North Carolina may be relevant. The Government will raise the issue with the Court before delving into the subject, and thus this Motion is denied without prejudice.

### 6. Redacting Martinez Escobar's Statement

Martinez Escobar asks the Government to redact any portions of his statement to law enforcement that reference having a criminal conviction or being prosecuted for other crimes. The Government has agreed to make the redactions, but reserves the right to question Martinez Escobar regarding the issue should it become relevant. The Motion is therefore denied without prejudice.

### 7. Severance

Jackson asks the Court to sever Count 3 from Count 1 and try the Counts separately. Count 1 charges Jackson with conspiracy to distribute methamphetamine, and specifically alleges that Jackson sold methamphetamine for co-Defendant Jesse Garcia from at least December 2014 through August 2015. Count 3 charges that Jackson possessed with intent to distribute methamphetamine in October 2015. Other than seeking severance, Jackson makes no substantive argument regarding the reasons for severance.

Even if Jackson's October 2015 possession were outside the scope of the conspiracy charged in Count 1, it would still be "of the same or similar character, or []

6

based on the same act or transaction, or [] connected with or constitute parts of a common scheme or plan," as Rule 8 requires.  Fed. R. Crim. P. 8(a).  But severance is appropriate if the defendant would be prejudiced by the Counts' joinder.  Id. R. 14.

Jackson was charged with participating in the drug conspiracy at issue in August 2015.  He was not arrested, however, until October.  At that time, law enforcement apprehended Jackson after a high-speed chase in a car rented in someone else's name.  Law enforcement searched the vehicle after hearing Jackson saying during a jailhouse phone call that there was "stuff in the trunk."  The search revealed nearly a pound of methamphetamine.  Count 3 charges Jackson with possession of that methamphetamine.

Jackson has not established that joinder of Counts 1 and 3 is improper.  This Motion is denied.

### 8. Confidential Source Testimony

Cruz asks the Court to preclude the Government from relying on a confidential source because the Government did not give notice of its intent to do so.  The Government did not oppose the Motion, and thus apparently will not rely on any confidential source with respect to Cruz.  The Motion is therefore granted.

## C.    Motions to Suppress

### 1.    Jackson's Motion

Jackson seeks the suppression of the search of the rental car.  He contends that the search was conducted "without warrant, without probable cause and lacking in any exigent circumstances." (Def.'s Mot. (Docket No. 547) at 1.)

7

But the rental car did not belong to Jackson and was not rented in his name. Thus, Jackson must establish that he had the consent of the person who rented it in order to have standing to challenge the search. United States v. Muhammad, 58 F.3d 353, 355 (8th Cir. 1995).

At the hearing, Jackson offered no evidence regarding his authority to drive the rental vehicle. Thus, he is without standing to challenge the search and his Motion to Suppress is denied.

### 2. Martinez Escobar's Motion

Martinez Escobar was arrested in this case in August 2015. The arresting officers searched him and found a cell phone in his pocket. They seized the cell phone. Martinez Escobar was detained after his arrest and has remained in custody since then. Law enforcement has retained the phone.

In March 2016, more than eight months after the arrest, the Government secured a warrant for a search of Martinez Escobar's cell phone. Martinez Escobar asks the Court to suppress the results of this search, contending that the length of time between the seizure and the warrant renders the search constitutionally unreasonable.

The seizure of a person's property pending a warrant is constitutional "if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present." United States v. Place, 462 U.S. 696, 701 (1983). Thus, as Martinez Escobar recognizes, the initial seizure of his cell phone during a search incident to his arrest was proper. Weeks v. United States, 232 U.S. 383, 392 (1914); Chimel v. California, 395 U.S. 752, 763 (1969). He contends, however, that, as in Place,

the initial seizure "became unreasonable because its length unduly intruded upon constitutionally protected interests." United States v. Jacobsen, 466 U.S. 109, 124 n.25 (1984) (discussing Place).

"[E]ven a seizure based on probable cause is unconstitutional if police act with unreasonable delay in securing a warrant." United States v. Martin, 157 F.3d 46, 54 (2d Cir. 1998).

> We demand expediency in obtaining a search warrant to search seized evidence in order to avoid interfering with a continuing possessory interest for longer than reasonably necessary, in case the search reveals no evidence (or permissibly segregable evidence) of a crime and the item has no independent evidentiary value and is not otherwise forfeitable.

United States v. Sparks, 806 F.3d 1323, 1340 (11th Cir. 2015), cert. denied, 136 S. Ct. 2009 (2016) (citations omitted). The reasonableness of the delay depends on the particular facts and circumstances of the case; there is no "bright line past which a delay becomes unreasonable." United States v. Burgard, 675 F.3d 1029, 1033 (7th Cir. 2012). However, "[w]hen police neglect to seek a warrant without any good explanation for that delay, it appears that the state is indifferent to searching the item and the intrusion on an individual's possessory interest is less likely to be justifiable." Id. at 1033-34.

To determine whether a delay is unreasonable, courts must "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Illinois v. McArthur, 531 U.S. 326, 331 (2001).

> [C]ourts have identified several factors highly relevant to this inquiry: first, the significance of the interference with the person's possessory interest, see United States v. Mitchell, 565 F.3d 1347, 1353 (11th Cir. 2009);

9

second, the duration of the delay, see Place, 462 U.S. at 709 (characterizing the "brevity" of the seizure as "an important factor"); third, whether or not the person consented to the seizure, see United States v. Stabile, 633 F.3d 219, 235 (3d Cir. 2011); and fourth, the government's legitimate interest in holding the property as evidence, see Burgard, 675 F.3d at 1033.

United States v. Laist, 702 F.3d 608, 613-14 (11th Cir. 2012).

Two of these factors are especially relevant here. First is that the seized item was Martinez Escobar's smart phone. A smart phone, like a computer, contains highly personal information. See Mitchell, 565 F.3d at 1352 ("Computers are relied upon heavily for personal and business use. Individuals may store personal letters, e-mails, financial information, passwords, family photos, and countless other items of a personal nature in electronic form on their computer hard drives."). The interference with Martinez Escobar's possessory interest in his smart phone was therefore more significant than it would be had the government seized a sheaf of papers or the like from him.

The second relevant factor is the duration of the delay here, which was more than eight months. This is far longer than any court has held reasonable under any circumstances, and does not show that law enforcement "diligently pursue[d] their investigation." Place, 463 U.S. at 709.

In Mitchell, the 11th Circuit determined that a 21-day delay in seeking a warrant to search a computer that the defendant conceded contained child pornography was unreasonable and could not be excused by the fact that the officer in charge of the investigation was out of town during the 21-day period. The court instead noted that law enforcement made "[n]o effort . . . to obtain a warrant within a reasonable time because

[they] simply believed that there was no rush." <u>Mitchell</u>, 565 F.3d at 1353. This seems to be the precise situation here.

Indeed, the Government does not attempt to excuse or explain its failure to get a warrant for Martinez Escobar's phone. Rather, the Government contends that it was entitled to seize and retain the phone as evidence in the case, and thus could get a warrant any time it wanted. But the Government is not seeking to introduce the phone itself as evidence in this case. Instead, the Government wants to introduce the contents of the phone, namely text messages and other such information. This information could not be obtained from merely looking at the outside of the phone—a warrant was required to access the information. As Martinez Escobar points out, this is not the same situation as when a large amount of money or a baggie of drugs is found during an arrest. Those items are evidence and a warrant is unnecessary to disclose their relevance to a drug case.

The Government has cited no cases finding that a cell phone is merely "evidence" and as such can be held indefinitely and searched whenever the Government gets around to securing a warrant. And given the plethora of authority regarding delays in obtaining warrants, this failure is not surprising. It is the Government's burden to establish the reasonableness of the delay, and it has failed to do so here. Without some justification for the Government waiting eight months to seek a warrant for Martinez Escobar's phone, the delay renders the search unreasonable and therefore unconstitutional. The Motion to Suppress is granted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Government's Motions in Limine 1-4 (Docket No. 555) are **GRANTED in part** and **DENIED without prejudice in part**;

2. The Government's Motion in Limine 5 (Docket No. 556) is **DENIED without prejudice**;

3. The Government's Motions in Limine to Admit Defendants' Prior Convictions (Docket No. 557) is **GRANTED**;

4. Defendant Jason Allen Jackson's Motions in Limine (Docket No. 560) are **GRANTED in part** and **DENIED without prejudice in part**;

5. Defendant Jason Allen Jackson's Motion to Suppress (Docket No. 547) is **DENIED**;

6. Defendant Jason Allen Jackson's Motion to Sever (Docket No. 546) is **DENIED**;

7. Defendant Catarino Cruz's Motions in Limine (Docket No. 563) are **GRANTED in part** and **DENIED without prejudice in part**;

8. Defendant Walter Ronaldo Martinez Escobar's Motions in Limine (Docket No. 561) are **DENIED without prejudice**; and

9. Defendant Walter Ronaldo Martinez Escobar's Motion to Suppress (Docket No. 548) is **GRANTED**.

Dated: <u>Thursday, July 7, 2016</u>      *s/Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge